FILED
2026 Sep-01 PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CURTIS BODDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-01100-ACA-NAD |
| | ) | |
| PHYLLIS MORGAN, Warden, et al., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

Plaintiff Curtis Boddy, a prisoner held in the William E. Donaldson Correctional Facility, sues Defendants Phyllis Morgan, Vencini Smith, John Hamm, and Wendy Williams, asserting that they failed to protect him from being stabbed by a fellow inmate. (Docs. 1, 11, 13; *see* doc. 15 at 2). The magistrate judge entered a report recommending that this court grant summary judgment in favor of Defendants and against Mr. Boddy. (Doc. 47). Mr. Boddy objects on various grounds. (Doc. 50). The court has carefully considered all of Mr. Boddy's objections. Most can be overruled without discussion. The court will, however, discuss several of the objections in more detail.

Several objections relate to Mr. Boddy's evidence of understaffing. (Doc. 50 at 1–3, 5–10). But as the magistrate judge explained, understaffing alone does not suffice to show that Defendants acted with deliberate indifference. (Doc. 47 at 17–

19). Several objections relate to Mr. Boddy's evidence that inmates had formed a "committee" to watch the doors to the dorm. (Doc. 50 at 2–3, 5, 8, 10). But the magistrate judge did consider the existence of the "committee." (Doc. 47 at 4). The magistrate judge correctly concluded that Mr. Boddy's evidence did not create a dispute of material fact about whether Defendants were aware of a sufficiently high generalized risk of inmate-on-inmate violence. (Doc. 47 at 15–19).

Mr. Boddy also objects that the magistrate judge did not adequately consider Defendants' falsification of evidence. (Doc. 50 at 3–4). The magistrate judge noted the contradiction between Defendants' assertion that a lieutenant escorted Mr. Boddy to the infirmary and the video evidence showing that an inmate took him there. (Doc. 47 at 6 n.4, 7). But this contradiction does not establish falsification of evidence. In any event, the identity of the person who took Mr. Boddy to the infirmary makes no difference to the analysis of his claim that Defendants failed to protect him.

In his objections, Mr. Boddy refers to a newspaper article, admissions made by corrections officials in a different case, a list of inmates who have died in Alabama prisons in recent years, and allegations about an inmate at his prison who kidnapped several social workers and guards with a gun. (Doc. 50 at 6, 9–10, 12–16). None of these pieces of evidence show the requisite dangerous conditions *at Donaldson*. (*See* doc. 47 at 15–17).

Having considered *de novo* each part of the report to which Mr. Boddy objected, the court **OVERRULES** his objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. The court **WILL GRANT** Defendant's motion for summary judgment and **WILL ENTER JUDGMENT** in favor of Defendants Phyllis Morgan, Vencini Smith, John Hamm, and Wendy Williams.

The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this September 1, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE